Alla Gulchina
Alla@pricelawgroup.com
**PRICE LAW GROUP, APC**
86 Hudson Street
Hoboken, NJ 07030
T: (818) 205-2466
F: (818) 380-7666
Attorneys for Plaintiff,
Alexander Healey

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEXANDER HEALEY,<br><br>    Plaintiff,<br><br>vs.<br><br>SYNCHRONY BANK,<br><br>    Defendant. | **Case No. 2:17-cv-04520**<br><br>**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. TCPA, 47 U.S.C. § 227<br><br>**(Unlawful Debt Collection Practices)** |

### FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Alexander Healey ("Plaintiff"), through his attorneys, alleges the following against Defendant, Synchrony Bank ("Defendant" or "Synchrony"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts

the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

## JURISDICTION AND VENUE

2. Plaintiff resides in the State of New Jersey, and therefore, personal jurisdiction is established.

3. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in Wharton, Morris County, New Jersey.

6. Defendant, Synchrony, is a banking corporation with its principle place of business located in Stamford, Connecticut. Synchrony can be served at 170 West Election Road, Suite 125, Draper, UT 84020.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

//

//

//

## **FACTUAL ALLEGATIONS**

8. Defendant is attempting to collect an alleged debt from Plaintiff.

9. In or around August of 2016, Defendant began placing calls to Plaintiff's cellular phone number (973) XXX-5691, in an attempt to collect an alleged debt.

10. The calls mainly originated from (866) 771-1104. Upon information and belief, this number is owned or operated by Defendant.

11. On or about August 1, 2016, at 12:24 p.m., Plaintiff answered a call from Defendant originating from (866) 771-1104. Plaintiff heard a pause before a Synchrony Representative began to speak.

12. Defendant's representative informed Plaintiff that it was attempting to collect a debt.

13. During that call, Plaintiff asked Defendant to stop calling him. Despite his request, Plaintiff continued to receive calls to his cellular phone

14. On August 7, 2016, Plaintiff received five phone calls from Defendant; at 8:10 a.m., 9:34 a.m., 11:54 a.m., 2:09 p.m., and 4:47 p.m.

15. Plaintiff continued to receive incessant phone calls from Defendant throughout the month of August. Plaintiff received calls almost every day, sometimes up to five calls per day.

16. Defendant called Plaintiff approximately one-hundred and five (105) times between August 1 and August 31, 2016.

17. The calls continued into September as Mr. Healey received at least three calls every day between September 1 and September 16, 2016.

18. In total, Between August 1, 2016 and September 16, 2016, Synchrony called Mr. Healey's cellular phone approximately one-hundred and seventy (170) times.

19. That is nearly four calls a day over a seven week period.

20. The Federal Communications Commission ("FCC") noted in its 2003 TCPA Order that a predictive dialer is "equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *2003 TCPA Order*, 18 FCC Rcd at 14091, para. 131.

21. The FCC further explained that the "principal feature of predictive dialing software is a timing function, not number storage or generation." *Id*.

22. Finally, the FCC stated that "a predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress." *Id*. at 14091-92, paras. 132-33.

23. The conduct was not only willful, but was done with the intention of causing Plaintiff such distress, so as to induce him to pay the debt.

24. Defendant called Plaintiff in a manner to predict the times he was available to answer his phone.

25. For example, Defendant called at 8:10 a.m. (August 7, 2016), 8:51 a.m. (August 8, 2016), 8:56 a.m. (August 9, 2016), 8:44 a.m. (August 10, 2016), 8:29 a.m. (August 11, 2016), and 9:30 a.m. (August 12, 2016).

26. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, emotional and mental pain and anguish.

## COUNT I

### (Violations of the TCPA, 47 U.S.C. § 227)

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made

    for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

29. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

//

//

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Alexander Healey, respectfully requests judgment be entered against Defendant, Synchrony Bank, for the following:

A. Declaratory judgment that Defendant violated the TDCPA;

B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

C. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

D. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: August 25, 2017                     **PRICE LAW GROUP, APC**

By:*/s/ Alla Gulchina*
Alla Gulchina
86 Hudson Street
Hoboken, NJ 07030
T: (818) 205-2466
F: (818) 380-7666
E: alla@pricelawgroup.com
Attorneys for Plaintiff,
Alexander Healey